# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 5:18-cv-01055-CLS** |
| | ) | |
| **RANDY HAMES and HAMES** | ) | |
| **MARINA d/b/a HAMES MARINA** | ) | |
| **AND MOBILE HOME PARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **TOMEKA BARTLETT and** | ) | |
| **KAYLA CARREKER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Case No. 5:18-cv-01096-CLS** |
| | ) | |
| **RANDY ALLAN HAMES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

These consolidated cases are before the court on a motion filed by defendants, Randy Hames and Hames Marina, L.L.C., doing business as Hames Marina and Mobile Home Park, and asking the court to enter an order protecting Randy Hames from being required to submit to a deposition until such time as the criminal charges that are pending against him in the Circuit Court of Cullman County, Alabama, are concluded. *See* doc. no. 35 (Motion for Protective Order), *United States of America*

*v. Randy Hames, et al.*, Civil Action No. 5:18-cv-01055-CLS.[1]  Specifically, the motion states that:

> Defendant Randy Allan Hames has been accused of various acts of sexual harassment and misconduct as the owner and operator of Hames Marina and Mobile Home Park, located on Smith Lake in Cullman, Alabama.  *As a result, he has been criminally charged with human trafficking by the State of Alabama*.  In addition, he has been sued by Tomeka Bartlett and Kayla Carreker, (collectively referred to as "the Private Plaintiffs") in civil court[2] as well as by the United States Government for violations of the Fair Housing Act.  In addition, for the <u>exact same acts</u>.
>
> As discovery proceeds in the civil case[s], the Plaintiffs and the Government are now pressing for the deposition of Randy Hames, despite an order by Judge Putnam in the Private Plaintiffs' case that requires leave of court before a deposition notice can be issued.  [Doc. 23[3]]

---

[1] ***Nota bene***:  Unless otherwise noted, all document numbers cited in this Order will refer to the numbers imprinted upon pleadings listed on the docket sheet for the first of these consolidated actions:  *i.e.*, *United States of America v. Randy Hames, et al.*, Civil Action No. 5:18-cv-01055-CLS.

[2] This is a reference to the second case filed in this court:  *i.e.*, *Tomeka Bartlett and Kayla Carreker v. Randy Allan Hames; Hames Marina, L.L.C.; Christi Hames Dolbeer; Mary Catherine Hames; Jessica Hames Penner; Angela Hames Sahurie; and Miranda Hames Self*, Civil Action No. 5:18-cv-01096-CLS.  Prior to the order entered by this court, consolidating these actions, this case had been assigned to Magistrate Judge T. Michael Putnam.

[3] Judge Putnam entered an order denying a similar motion to stay filed by defendant Randy Hames before the two cases were consolidated, but his order stated that the denial was

> without prejudice to the individual defendants to raise the privilege on a question-by-question basis as discovery ensues.  The parties are directed to proceed with discovery in this matter with the following condition:  that *any notice of deposition directed toward Randy Allan Hames may be issued only after plaintiffs receive leave of court*.  Accordingly, the motion to stay is DENIED without prejudice.

Doc. no. 23 (Order Denying Motion), *Bartlett & Carreker v. Hames, et al.*, Civil Action No. 5:18-cv-01096-CLS (emphasis supplied).

> Defendant Hames seeks protection from having to appear for his deposition in this civil case while a defendant in a parallel criminal case because he cannot assert his Fifth Amendment right without completely abandoning his defense of the civil cases. The adverse inference of asserting his Fifth Amendment privilege would be completely fatal in this case. Therefore, he seeks an order protecting him from appearing for a deposition while the criminal case is still pending.

*Id*. at 2 (<u>underscored</u> emphasis in original, *italicized* emphasis and footnotes supplied).

## PROCEDURAL HISTORY

The government commenced the first of these actions on July 9, 2018. Its complaint asserts claims against defendants Randy Hames and Hames Marina, L.L.C., doing business as "Hames Marina and Mobile Home Park" under Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.* ("the Fair Housing Act"). The government alleges that: Hames Marina, L.L.C. "is a residential real estate company that owns and manages property in Cullman County"; such property included at least fifteen mobile homes that are leased to various individuals; Randy Hames had "an ownership interest in Hames Marina," possessed the "authority to act on behalf of" the Marina, and was "responsible for the management and operation of the subject property"; and, Randy Hames violated the Fair Housing Act by subjecting female tenants of the mobile homes "to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment . . . ." Doc. no. 1 (Complaint),

3

at 2-3.[4]

The second of these consolidated cases was commenced on July 17, 2018. The complaint filed by Tomeka Bartlett and Kayla Carreker ("the private plaintiffs") asserts similar claims under the Fair Housing Act, as well as five supplemental state-law claims for: invasion of privacy; intentional infliction of emotional distress (a so-called "outrage" claim); assault and battery; violations of the Alabama Human

---

[4] More specifically, the government alleged that Randy Hames's unwelcome sexual harassment included such acts as the following:

    a.    Demanding that female tenants engage in, or pressuring them to engage in oral sex or other sexual acts with him to obtain or keep rental housing;

    b.    Subjecting female tenants to unwelcome sexual contact, including but not limited to hugging female tenants, touching (or attempting to touch) female tenants' bodies, and rubbing his body against female tenants' bodies;

    c.    Offering to grant tangible housing benefits—such as reducing or excusing rent payments, late payments, or deposit amounts—in exchange for engaging in sexual acts with him;

    d.    Making intrusive, unannounced visits to female tenants' homes for no apparent legitimate purposes and to further his sexual advances;

    e.    Menacing female tenants by repeatedly parking for extended periods of time in front of their homes when he had no apparent legitimate reason to do so;

    f.    Making unwelcome sexual comments, propositions, and sexual advances to female tenants; and

    g.    Taking adverse housing actions, such as evicting or refusing to make repairs, or threatening to take such actions, against female tenants who have objected to his unwelcome sexual advances and/or refused to engage in sexual acts with him.

Doc. no. 1 (Complaint), ¶ 10.

Trafficking Statute, Ala. Code § 13A-6-150 *et seq.*; and violations of the Alabama Fraudulent Transfer Act, Ala. Code § 8-9A-1 *et seq.*

After the private plaintiffs sought protection from abuse by Randy Hames, he was indicted by a Cullman County grand jury on charges of: Human Trafficking in the First Degree, in violation of Ala. Code § 13A-6-152; Human Trafficking in the Second Degree, in violation of Ala. Code § 13A-6-153; Sexual Extortion, in violation of Ala. Code § 13A-6-241; Solicitation of Prostitution, in violation of Ala. Code § 13A-12-121(b); and Stalking in the Second Degree, in violation of Ala. Code § 13A-6-90.1.[5]

Defendants contend that, as a result of the pending State criminal charges, Randy Hames is entitled to a stay of his deposition in these cases, both individually and as representative of Hames Marina, L.L.C. They argue that the "complete overlap" of facts undergirding the plaintiffs' claims in these consolidated cases and the pending State criminal charges constitute "special circumstances" requiring a stay. Doc. no. 35 (Motion for Protective Order), at 4-5.

## DISCUSSION

Even though defendants posture their motion as one seeking a "protective

---

[5] *See* doc. no. 1 (Private Plaintiffs' Complaint), ¶¶ 48-57, *Bartlett & Carreker v. Hames, et al.*, Civil Action No. 5:18-cv-01096-CLS.

5

order," they do not cite Federal Rule of Civil Procedure 26(c),[6] or any other Rule that

---

[6] Federal Rule of Civil Procedure 26(c) governs motions for a protective order, and it reads as follows:

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A)    forbidding the disclosure or discovery;

    (B)    specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

    (C)    prescribing a discovery method other than the one selected by the party seeking discovery;

    (D)    forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E)    designating the persons who may be present while the discovery is conducted;

    (F)    requiring that a deposition be sealed and opened only on court order;

    (G)    requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

    (H)    requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

would support the relief they seek. On the other hand, a district court is not required to stay discovery in civil cases pending resolution of a related criminal prosecution *unless* "special circumstances so require in the interests of justice." *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 364 (11th Cir. 1994); *see also*, *e.g.*, *Love v. City of Lanett*, No. 3:09-cv-622-MEF, 2009 WL 2525371, at *1 (M.D. Ala. Aug. 17, 2009) ("Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the civil proceeding.").

When determining whether "special circumstances" exist, courts balance the interests of the parties, the courts, and the public, while also focusing on the following considerations:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the moving individual has been indicted; (3) the private interests of the non-moving party in proceeding expeditiously weighed against the prejudice caused by the delay; (4) the private interests of and burden on the moving party; (5) the interests of the courts; and (6) the public interest.

*Heard v. Hannah*, No. 7:13-CV-01998-JEO, 2014 WL 12819754, at *2 (N.D. Ala. May 20, 2014) (quoting *Love*, 2009 WL 2525371, at *2). Defendants rely upon the first consideration mentioned — *i.e.*, "the extent to which the issues in the criminal case overlap with those presented in the civil case" — and argue that "the similarity

7

of issues" between those raised by the complaints in these cases and the criminal charges pending in Cullman County, Alabama, is "the most important threshold issue in determining whether to grant a stay." Doc. no. 35 (Motion for Protective Order), at 5. They claim that "[t]here is nothing in [these] civil case[s] that will not be an issue in the criminal case], and vice versa." *Id*. at 5 (alterations supplied).

All plaintiffs disagree. The private plaintiffs contend that the facts underpinning their supplemental state-law "claims for the fraudulent transfer of assets . . . in violation of the Alabama Fraudulent Transfer Act, Ala. Code § 8-9A-1, *et seq.* (2017)" do not overlap with the facts of the State criminal charges. Doc. no. 43 (Private Plaintiffs' Response), at 5.

The government points out that its complaint alleges violations of the Fair Housing Act on behalf of fifteen aggrieved women, twelve of whom "are not involved in Hames' state criminal proceedings." Doc. no. 42 (Government's Response), at 8. The government also argues that, even if there is a significant overlap of facts, the Fifth Amendment privilege cannot be asserted on a blanket basis. *See* doc. no. 42 (Government's Response), at 10 (citing *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir. 1991) ("It is true that a blanket refusal to produce records or to testify will not support a fifth amendment claim.") (citing *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969)).

8

In order to sustain claims of sex discrimination under the Fair Housing Act, the government and private plaintiffs must prove the following facts, by a preponderance of the evidence: the aggrieved females are members of a protected class; they offered to rent property from defendants; they were ready, willing, and able to pay defendants' rental price; defendants refused to rent to the aggrieved females, or otherwise made the property unavailable to them; the housing opportunity remained available after that; and no apparent reason other than the aggrieved females' membership in a protected class exists to explain defendants' refusal to rent the property. *See* 3C O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions – Civil* § 169:180 (6th ed. 2012).

None of the elements regarding the lease of the rental property itself directly overlap with any of the State criminal charges pending against Randy Hames, but the factual allegations that underpin the alleged acts of sex discrimination under the Fair Housing Act clearly overlap the State criminal charges. Randy Hames's alleged solicitation of sex with each of the private plaintiffs in exchange for rent[7] overlaps the elements of the State criminal charges of solicitation of prostitution[8] and sexual

---

[7] *See* doc. no. 1 (Complaint), ¶¶ 22 & 38, *Tomeka Bartlett & Kayla Carreker v. Randy Allan Hames, et al.*, Civil Action No. 5:18-cv-01096-CLS.

[8] *See* Ala. Code § 13A-12-121(b) ("No person shall solicit . . . any person to have sexual intercourse . . . for monetary consideration or other thing of marketable value. . . .").

extortion.[9] The private plaintiffs' allegations that Randy Hames sat in his parked automobile outside their homes, entered their homes without knocking or permission,[10] and entered Kayla Carreker's home "while she was sleeping or . . . in the shower,"[11] would be relevant to proof of the State criminal charge of stalking in the second degree.[12]

The government alleged on behalf of fifteen aggrieved women, including the private plaintiffs, that Randy Hames "subjected female tenants of the Defendants' residential rental property to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions."[13] The government's allegation that Mr. Hames demanded that female tenants engage in, or pressured them to engage in, oral sex or other sexual acts in order to obtain or retain

---

[9] *See* Ala. Code § 13A-6-241 ("A person commits the crime of sexual extortion if he or she knowingly . . . attempts to cause another person to engage in sexual intercourse . . . by communicating any threat to injure the body, property, or reputation of any person.").

[10] *See* doc. no. 1 (Complaint), ¶ 19, *Bartlett & Carreker v. Hames, et al.*, Civil Action No. 5:18-cv-01096-CLS; *see also id.* ¶ 20 ("On one occasion, Hames entered [Tomeka] Bartlett's home while she was in the shower. Hames was calling for Bartlett, and she responded by asking him to come back later. Hames responded 'No, it is ok. I would rather see you naked.'").

[11] *Id.* ¶ 36.

[12] *See* Ala. Code § 13A-6-90.1 ("A person who, acting with an improper purpose, intentionally and repeatedly, follows, harasses, telephones, or initiates communication . . . with another person, . . . and causes material harm to the mental or emotional health of the other person, . . . and the perpetrator was previously informed to cease that conduct is guilty of the crime of stalking in the second degree.").

[13] Doc. no. 1 (Government's Complaint), ¶ 10.

rental housing[14] overlaps the elements of the State charges of solicitation of prostitution, sexual extortion, and human trafficking.[15] The government's allegation that he offered to grant the aggrieved females tangible housing benefits — such as reducing or excusing rent payments, late payments, or deposit amounts — in exchange for engaging in sexual acts with him[16] overlaps the elements of the State charges of sexual extortion and human trafficking. The government's allegations that Mr. Hames made "intrusive, unannounced visits to female tenants' homes for no apparent legitimate purposes and to further his sexual advances,"[17] and that he menaced "female tenants by repeatedly parking for extended periods of time in front of their homes when he had no apparent legitimate reason to do so,"[18] overlap the elements of the State charge of stalking in the second degree.[19] Finally, the government's allegation that Mr. Hames made "unwelcome sexual comments, propositions, and sexual advances to female tenants"[20] arguably overlaps the elements required to prove the State charges of solicitation of prostitution and sexual extortion.

---

[14] *See id.* ¶ 10(a).

[15] *See* Ala. Code § 13A-6-152 ("knowingly subject[ing] another person to . . . sexual servitude"); Ala. Code § 13A-6-153 ("knowingly . . . solicit[ing] another purpose for the purpose of . . . sexual servitude").

[16] *See* doc. no. 1 (Government's Complaint), ¶ 10(c).

[17] *Id.* ¶ 10(d).

[18] *Id.* ¶ 10(e).

[19] *See supra* note 12.

[20] Doc. no. 1 (Government's Complaint), ¶ 10(f).

The private plaintiffs's complaint also contains several supplemental state-law claims that overlap the State criminal charges against Randy Hames. For example, their claim of invasion of privacy[21] requires proof that the defendant intentionally intruded on their physical solitude in a way that would outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *See* 2 *Alabama Pattern Jury Instructions – Civil* § 35.00 (3d ed. 2019) ("APJI"). Those elements of proof, and the accompanying factual allegations, overlap the element of State criminal charge of stalking in the second degree.[22]

The private plaintiffs' claim of intentional infliction of emotional distress (or outrage)[23] requires them to prove that Randy Hames: intended to cause them emotional distress, or that he knew (or should have known) that his conduct was likely to cause plaintiffs emotional distress; that his conduct was extreme and outrageous; that his intentional or reckless conduct actually caused the private plaintiffs to suffer emotional distress; and that the private plaintiffs' emotional distress was so severe that no reasonable person could be expected to endure it. *See* 2 APJI § 29.03. Some of those elements of proof coincide with the elements of the

---

[21] *See* doc. no. 1 (Private Plaintiffs' Complaint), ¶¶ 81-87, *Bartlett & Carreker v. Hames, et al.*, Civil Action No. 5:18-cv-01096-CLS.

[22] *See supra* note 12.

[23] *See supra* note 21, at ¶¶ 88-94.

State criminal charge of stalking in the second degree, which requires the prosecution to prove that the defendant intentionally caused material harm to the mental or emotional health of the victim(s) alleged in the indictment.[24]

Private plaintiff Kayla Carreker also asserts a claim for assault and battery,[25] which will require her to prove that Randy Haymes intentionally touched her in a harmful or offensive manner. *See* 1 APJI 5.01. The actual act of inappropriately touching Ms. Carreker does not directly coincide with the elements of the criminal charges alleged in the State indictment, but the facts surrounding the inappropriate touching, if coupled with offers to exchange rent obligations for sexual favors, could constitute proof of sexual extortion, solicitation of prostitution, or human trafficking.

The private plaintiffs also allege that Randy Hames violated the Alabama statute prohibiting "human trafficking," and the proof required for that civil claim would directly overlap the elements of the criminal charges under the same statute. *See* Ala. Code §§ 13A-6-152, 13A-6-153, & 13A-6-157.[26]

With that degree of overlap, defendant Randy Hames would not be able to

---

[24] *See supra* note 12.

[25] *See supra* note 21, at ¶¶ 95-98.

[26] In addition, the private plaintiffs also assert a claim for equitable recission under the Alabama Fraudulent Transfer Act, Ala. Code § 8-9A-1, *et seq. See supra* note 24, at ¶¶ 110-113. The proof required for that claim would not directly overlap the elements of any of the criminal charges pending in State court, but it would implicate the *Lis Pendens* placed on defendants' property by the state criminal court.

testify truthfully in a deposition about any of the allegations contained in the government's or private plaintiffs' respective complaints without either jeopardizing his presumption of innocence and defense of the charges alleged in the State criminal indictment, or suffering from the negative inference that might be drawn from his act of invoking his Fifth Amendment privilege during his civil deposition.[27] Even so, those are not the court's only considerations.

The court also must balance the interests of all plaintiffs — government as well as private — in proceeding with discovery as expeditiously as may be possible in these unusual days, in which proceedings in both state and federal courts have been delayed by the need to protect against the pandemic spread of the Coronavirus Disease (COVID-19). The government argues that Randy Hames's deposition is highly relevant and important to its pattern or practice of discrimination claim, and that Randy Hames possesses "unique, non-repetitive, firsthand knowledge" of relevant facts pertaining to its allegations. Doc. no. 42 (Government's Response), at 8-9. The private plaintiffs also allege that defendant Hames has been harassing, and attempting to intimidate, witnesses through their family members (*see* doc. no. 43 (Private Plaintiffs' Response), at 8-9) — an assertion that, if true, causes this court

---

[27] While an adverse inference can be drawn from the invocation of the Fifth Amendment, it cannot form the sole basis of judgment against that party. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1304 (11th Cir. 2009).

great concern, and weighs in favor of entering an injunction against defendant Randy Hames, while simultaneously proceeding with discovery as expeditiously as possible, despite the pendency of state criminal charges against him.

Defendant Hames Marina, L.L.C., is not a party to the state criminal proceedings, and cannot invoke the Fifth Amendment privilege. *See, e.g.*, *Braswell v. United States*, 487 U.S. 99, 105 (1988) ("[A] corporation has no Fifth Amendment privilege."). Therefore, that entity will be required to produce a representative to testify at a deposition in accordance with Federal Rule of Civil Procedure 30(b)(6), regardless of whether that representative is defendant Randy Hames.

The court initially granted a six-month stay of the government's case due to the parallel criminal proceeding. *See* doc. no. 11 (Order Granting Stay). That stay was lifted almost a year ago. *See* doc. no. 14 (Order Setting Final Date of Stay). Even so, the criminal charges against Randy Hames have not yet been disposed of.

This court's assessment of the balance of interests has not changed. Nevertheless, defendant Hames's interests in not jeopardizing his presumption of innocence in the State criminal proceeding, or suffering from the negative inference that might be drawn from his act of invoking his Fifth Amendment privilege during his civil deposition, may be taken into consideration with regard to arranging the timetable of depositions. *See Kaeppler v. Jas. H. Matthews & Co.*, 200 F. Supp. 2d

229, 231 (E.D. Pa. 1961).

Upon consideration of all of the foregoing, defendants' motion for a protective order will be granted in part and denied in part.

First, the deadline for discovery is extended, *sua sponte*, to August 31, 2020.

Second, plaintiffs are granted leave to immediately notice depositions for defendant Randy Hames, but the subjects addressed must relate only to his business and property ownership interests in Hames Marina, L.L.C.

Third, if the State criminal charges against Randy Hames have not been resolved by Friday, August 1, 2020, plaintiffs will be permitted to depose him during the remainder of the month of August, without prejudice to his right to assert his Fifth Amendment privilege on a question-by-question basis.

Separate Orders, one of which will be consistent with the foregoing conclusions, and the other revising the existing scheduling orders in each case, will be entered contemporaneously herewith.

**DONE** this 3rd day of April, 2020.

_____
Senior United States District Judge