

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:18-CV-1055-CLS |
| | ) | |
| RANDY HAMES and HAMES | ) | |
| MARINA d/b/a HAMES MARINA | ) | |
| AND MOBILE HOME PARK, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TOMEKA BARTLETT and | ) | |
| KAYLA CARREKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:18-cv-1096-CLS |
| | ) | |
| RANDY ALLAN HAMES, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion by non-party United Specialty
Insurance Company ("USIC") to intervene for the limited purpose of submitting
special verdict form or jury interrogatories for the court's consideration and
requesting their submission to the jury.[1] All parties in these consolidated actions have

---

[1] Doc. no. 56 (USIC Motion to Intervene).

objected.[2]  Upon consideration of the motion and the objections, the court enters the following opinion.

## I.  STANDARD

Permissive intervention is governed by Rule 24(b), which states, in pertinent part, that "the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B) (emphasis supplied).   The court should also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."  *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (quoting *Worlds v. Department of Health and Rehabilitation Services*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1913, at 376-77 (2d ed. 1986))) (alteration in original).

Here, USIC acknowledges that it has not met the basic requirements under Fed.

---

[2] *See* doc. no. 65 (Government Response in Opposition); doc. no. 66 in 5:18-cv-1055-CLS and doc. no. 87 in 5:18-cv-1096-CLS (Defendants' Joint Response in Opposition); doc. no. 67 (Private Plaintiffs' Response in Opposition).  Unless otherwise noted, all document numbers cited correspond to the lead case, 5:18-cv-1055-CLS.

R. Civ. P. 24(b) or (c) because it is not seeking to assert a claim or defense and, therefore, has not filed an accompanying pleading.  *See* Fed. R. Civ. P. 24(c) ("The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").  Instead, USIC seeks to intervene solely for the purpose of submitting a special verdict form or jury interrogatories.

## II.  ARGUMENT FOR INTERVENTION

USIC issued a number of insurance policies to defendant Randy Hames, and has agreed to defend him in these two actions by appointing counsel.[3]  The policies issued by USIC include reservations of right to deny coverage for liability that does not fall within "the Policies' Coverage A – Bodily Injury and Property Damages Liability" or "the Policies' Coverage B – Personal And Advertising Injury Liability" coverage grants.[4]  USIC also reserved its right to deny coverage for liability that falls within the Policies' "Expected Or Intended Injury Exclusion," "Knowing Violation Of Rights Of Another Exclusion," "Criminal Acts Exclusions,""Assault And Battery Exclusion," "Abuse Or Molestation Exclusion," "Classification Limitation

---

[3] *See id.* at 2, 5.  *See also* doc. no. 66 (Defendants' Joint Response), at 7; doc. no. 65 (Government Response), at 11

[4] *See* doc. no. 56 (USIC Motion to Intervene), at 5.

Endorsement," and "Punitive and Exemplary Damages Exclusion."[5]

In the event the jury renders a verdict in plaintiffs' favor, USIC seeks to have the jury specify "(a) the particular claim or claims forming the basis for the verdict against [Randy] Hames, (b) the amount of compensatory damages awarded, and (c) the amount of any punitive damages and civil penalties awarded." Doc. no. 56 (USIC Motion to Intervene), at 10.  USIC argues that "[a] verdict without such special findings will prejudice USIC and impair its ability to protect its interests." *Id.* (citing *Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1327 (S.D. Ala. 2003) (granting insurer's motion to intervene, stating that "[a]bsent an itemized jury verdict in this case, resolution of the coverage issues . . . could be complicated considerably, as there would be no way to distinguish among the types of claims and damages embraced by any damages award the jury might render.").  Additionally, USIC argues not having special findings would prejudice defendant Randy Hames because he would have the burden of proving the insurance policies cover whatever judgment he may have to pay.[6]  *See, e.g.*, *Jordan v. National Accident Insurance Underwriters Inc.*, 922 F.2d 732, 735 (11th Cir. 1991) ("Under Alabama law the general rule is that the insured bears the burden of proving coverage.").

---

[5] *See id.* at 5-10.

[6] *Id.* at 10-11.

USIC emphasizes that it is not seeking to litigate coverage issues, nor to participate in the trial.[7]  USIC is not asking the jury to "'interpret Policy language or to award relief through the prism of [the] Policy,'" but is instead asking the jury to "'identify which of the . . . causes of action are the bases for any plaintiff's verdict . . . and break down the damages into certain enumerated categories.'"  Doc. no. 56 (USIC Motion to Intervene), at 11 (quoting *Thomas*, 297 F. Supp. 2d at 1325) (alteration and ellipsis in original).

### III.  OBJECTIONS

All parties object to USIC's motion to intervene for various reasons.  First, the United States ("the government") and Tomeka Bartlett and Kayla Carreker ("private plaintiffs") (collectively, "plaintiffs") argue that USIC failed to comply with Federal Rule of Civil Procedure 24(b) because it cannot demonstrate a common question of law or fact.[8]  Plaintiffs argue that the question of whether the alleged conduct is covered or excluded by the insurance policies is inherently different than the question of whether defendant Hames sexually harassed his tenants.[9]  *See Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005)

---

[7] *Id.*

[8] *See* doc. no. 65 (Government Response), at 6; doc. no. 67 (Private Plaintiffs' Response), at 2-3.

[9] *See* doc. no. 65 (Government Response), at 7; doc. no. 67 (Private Plaintiffs' Response), at 2-3.

5

("The issue of insurance coverage is unrelated to the issue of fault in the wrongful death action."). Further, the government notes that USIC acknowledged that it did not comply with Federal Rule of Civil Procedure 24(b)-(c) by not asserting a claim or defense or submitting a separate pleading outlining such claim or defense.[10]

The government further argues that if USIC were allowed to intervene it would prejudice the adjudication of the government's case.[11] The government is litigating on behalf of sixteen aggrieved women and, consequently, it expects to require the jury to set out individual findings for each woman, "including a breakdown for any compensatory damages and/or punitive damages the jury awards." Doc. no. 66 (Government Response), at 8. Therefore, the government argues that

> USIC's proposed introduction of an additional special verdict form or jury interrogatories – the substance of which USIC has not disclosed – would, at best, be duplicative, but more likely would require the jury to perform additional duties and make additional factual findings that are unrelated to the claim in the United States' case, thereby injecting confusion and the potential for error.

*Id.* at 8-9. *See also Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 877 (2d Cir. 1984) (affirming district court's denial of motion to intervene, in part, because the court would likely require a separate verdict for each cause of action, negating the intervenor's necessity to intervene).

---

[10] *See* doc. no. 65 (Government Response), at 7 n.2.

[11] *See id.* at 8.

6

The private plaintiffs similarly argue that, in the trial of their case,[12] the jury form would present each claim individually, making the intervention unnecessary, repetitive, and potentially confusing to the jurors and, therefore, unduly prejudicial.[13]

The government and defendants also object due to the potential conflict of interest that exists because USIC has provided defense counsel for defendants Randy Hames and Hames Marina, L.L.C.[14] *See, e.g.*, *Travelers Indemnity Co. v. Dingwell*, 884 F. 2d 629, 639 (1st Cir. 1989) (noting "the well-established policy that an insurer who reserves the right to deny coverage cannot control the defense of a lawsuit brought against its insured by an injured party"); *High Plains Cooperative Association v. Mel Jarvis Construction Co., Inc.*, 137 F.R.D. 285 (D. Neb. 1991) (denying motion to intervene due to concern of potential conflict of interest where an insurance company appointed counsel for defendant).

Finally, the government argues that USIC could best protect its interests through a separate declaratory judgment action.[15]   *See Developers Surety and Indemnity Co. v. Archer Western Contractors, LLC*, No. 6:16-cv-1875-Orl-40KRS, 2017 WL 8340660, at *3 (M.D. Fla. Apr. 3, 2017) ("If a prospective intervenor could

---

[12] The cases have been consolidated solely for discovery purposes and, therefore, will be tried separately.  *See* doc. no. 47, at 2-3.

[13] Doc. no. 67 (Private Plaintiffs' Response), at 4.

[14] *See* doc. no. 65 (Government Response), at 11; doc. no. 66 (Defendants' Joint Response), at 6-7.

[15] *See* doc. no. 65 (Government Response), at 10.

protect its interests in a separate action, it is less likely that a court will abuse its discretion if it refuses to permit that party to intervene — particularly where the court has reason to think that allowing intervention would make the case more cumbersome.") (Report and Recommendation adopted in *Developers Surety and Indemnity Co. v. Archer Western Contractors, LLC*, No. 6:16-cv-1875-Orl, 40KRS, 2017 WL 2274922 (M.D. Fla. May 25, 2017)).

## IV. ANALYSIS

While this court recognizes USIC's need for a special verdict form showing which damages are awarded for each claim in order to resolve any coverage issues, this court agrees that is not a sufficient reason to allow intervention.  Permissive intervention requires the intervenor to assert a claim or defense with a common question of law or fact.  That requirement has not been met by USIC.

More importantly, however, this court finds that there is potential for the intervention to be unduly prejudicial.  USIC has provided counsel for defendants Randy Hames and Hames Marina, L.L.C.  Consequently, there is a potential conflict of interest.  Moreover, the additional questions framed around insurance coverage and exclusions would only serve to confuse the jurors by introducing elements not relevant to the claims at issue.[16]

---

[16] *See id.* at 9 ("USIC proposes to introduce unspecified special verdict questions or jury interrogatories related to 'assault and battery' and 'abuse and molestation.' . . .  These are not

Finally, this court finds that USIC has a better alternative:  that is, filing a separate declaratory judgment action.  *See Developers Surety and Indemnity Co.*, 2017 WL 8340660, at *3.  Filing a separate action will achieve the same goal for USIC, and will prevent this action from becoming overburdened and confused.

Accordingly, the United Specialty Insurance Company's motion to intervene is DENIED.

**DONE** and **ORDERED** this 23rd day of July, 2020.

_____
Senior United States District Judge

---

elements of the United States' FHA claim.") (internal citations omitted).