IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDY HAMES and HAMES MARINA, d/b/a HAMES MARINA AND MOBILE HOME PARK,<br><br>Defendants. | CASE NO.: 5:18-cv-01055-CLS<br><br>PLAINTIFF UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE |

## I.   INTRODUCTION

Defendant Randy Hames seeks to exclude eleven categories of evidence from the trial in this case. The United States responds below as to the four categories of evidence it disputes: (1) wealth (including the suggestion of bifurcation of trial); (2) Hames's dating of clients and tenants; (3) police reports; and (4) Hames's refusal to take a polygraph test.

First, as to wealth, Hames cannot seriously dispute that his net worth is relevant to the jury's consideration of punitive damages, and bifurcation (to the extent Hames is requesting it) is not warranted in this case. The Court should also allow evidence of aggrieved persons' financial circumstances at the time they rented (or sought to rent) from Hames as relevant to the allegations of sexual harassment.

Second, as to Hames's relationships with clients and tenants, the Court should make admissibility determinations within the context in which the evidence is offered, because there are circumstances in which that evidence may bear on the allegations in this case or be relevant for impeachment purposes.

Third, as to the police reports, the Court should reserve its decision on the issue until trial, at which point it can evaluate Hames's hearsay objections. Fourth, and relatedly, the United States does not seek to introduce or rely on Hames's refusal to take a polygraph test generally, but it should be permitted to use other parts of the police report that references Hames's refusal. Additionally, Defendant makes no argument as to Defendant Randy Hames's guilty plea in his criminal case, as that issue is subject to separate briefing as ordered by the Court. *See* Doc. No. 206.

The United States does not address the remaining categories identified in Defendant's motion, as the United States does not seek to introduce that evidence.[1]

---

[1] Hames seeks to exclude evidence of his following several witnesses to a domestic violence shelter because those witnesses were no longer his tenants, Doc. No. 213, at 8-9, but nonetheless includes post-tenancy documents related to those witnesses, including documents related to domestic violence shelters and the and protection from abuse petitions filed by the private plaintiffs protection from abuse petitions filed by the private plaintiffs, on his exhibit list, Doc. No. 211. Hames cannot have it both ways. Defendant should be similarly limited in his inquiry into post-tenancy activities of those witnesses (both of whom are private plaintiffs not seeking damages in this lawsuit, such that their post-tenancy activities are not relevant).

## II.   ARGUMENT

### A.   The Court Should Permit Evidence Related to Wealth

#### *i.   Evidence Related to Wealth is Relevant*

First, the Court has already held that "Defendants' financial information and net worth is indeed relevant to the government's claim for punitive damages, and its admissibility for that purpose is firmly established under federal law." Doc. No. 45, at 3. Hames's request to exclude this evidence is contrary to that holding and should be rejected on that basis alone.[2]

Second, aggrieved persons' financial circumstances at the time that they interacted with Hames are relevant.[3] The United States alleges, *inter alia*, that Hames's sexual harassment included "[d]emanding that female tenants engage in, or pressuring them to engage in oral sex or other sexual acts with him to obtain or keep rental housing," Compl., Doc. No. 1, ¶ 10(a), "[o]ffering to grant tangible housing benefits—such as reducing or excusing rent payments, late payments, or deposit amounts—in exchange for engaging in sexual acts with him," *id.* at ¶ 10(c), and "[t]aking adverse housing actions, such as evicting or refusing to make repairs, or threatening to take such actions, against female tenants who have objected to his

---

[2] Moreover, none of the cases Hames cites suggest that net worth is not relevant where punitive damages are available, and some clearly state the opposite. *See, e.g.*, *Sec. & Exch. Comm'n v. Goldstone*, 2016 WL 3654273, at *12 (D.N.M. June 13, 2016) ("Courts have admitted wealth evidence . . . when the information regarding the Defendants' wealth is necessary to calculate damages which are punitive in nature").

[3] The United States does not contend that aggrieved persons' current net worth is relevant.

3

unwelcome sexual advances and/or refused to engage in sexual acts with him," *id.* at ¶ 10(g). These allegations, and the expected testimony that Hames sought to take advantage of tenants' financial circumstances as part of his pattern or practice of sexual harassment, demonstrate that this evidence is directly relevant to the issues in this case. The Court should deny Hames's request to exclude evidence of aggrieved persons' financial circumstances.

### ii. *The Trial Should Not Be Bifurcated*

At the eleventh hour, three weeks before the trial is set to begin, Hames attempts to shoehorn a request to bifurcate this trial into a motion *in limine*. The Court should deny this untimely and inappropriate request.

Initially, a motion *in limine* is not the proper vehicle for a request to bifurcate a case. Motions *in limine* instead should seek pretrial rulings on the exclusion or introduction of specific evidence. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (defining motion *in limine* in "a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered"); Charles A. Wright & Kenneth W. Graham, Jr., 21 *Federal Practice & Procedure: Evidence* §5037.10 (2d ed. 2023 update) (noting that motions *in limine* may also be used to admit evidence). Hames should not be permitted to raise a significant procedural issue – bifurcation of trial – in a motion *in limine*.

Hames's request for bifurcation should also be denied because it would impose an unnecessary burden and inconvenience on the Court and the jury that will decide this matter, particularly given the extensive overlap of facts related to proving liability and facts supporting punitive damages. *See, e.g., Valdes v. Miami-Dade Cnty.*, No. 12-22426-CIV-Moreno/O'Sullivan, 2015 WL 7253045, at *13-14 (S.D. Fla. Nov. 17, 2015) (denying plaintiff's motion to bifurcate); *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d 1111, 1138 (N.D. Iowa 2013) ("bifurcation of the interwoven issues of liability and punitive damages would be inconvenient, confusing, and result in a loss rather than a gain in judicial economy and economy to the parties, not to mention unnecessary delays for the jury"); *United States v. Beaudet*, No. Civ. 03–1132JRTSM, 2004 WL 1635853, at *1-2 (D. Minn. 2004) (emphasizing the interwoven nature of the liability and damages issues in a sexual harassment case under 42 U.S.C. § 3614); *cf. Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500-01 (1931) (denying partial new trial because damages and liability were "so interwoven . . . that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial").

Nor has Hames met his burden of establishing that this case warrants bifurcation. *See Home Elevators, Inv. v. Millar Elevator Serv. Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996) ("The party requesting bifurcation has the burden to

5

show that it is warranted in that particular case."). The district court has discretion to bifurcate trials if doing so "would further convenience, avoid prejudice, or promote efficiency." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Hames makes no argument as to convenience or efficiency; the only basis Hames asserts is the bald statement that bifurcation "allows this Court to protect Defendants from unfair prejudice." Doc. No. 213, at 3. Hames leaves it to the Court and the United States to glean what might make any prejudice in this case worthy of bifurcation. He has hardly shown that this is "an exceptional case that warrants bifurcation." *Baratta v. Homeland Housewares, LLC*, 05–60187–CIV–Marra/Johnson, 2008 WL 10989539, at *4 (S.D. Fla. Oct. 28, 2008) (denying defendant's request to bifurcate liability and damages because defendant had not met his burden of showing that the case should be bifurcated); *see also United States v. Peterson*, No. 09-10333, 2010 WL 2992367, at *6 (E.D. Mich. July 27, 2010) (denying bifurcation request in pattern-or-practice sexual harassment case under 42 U.S.C. § 3614 where defendants failed to "provide any specific argument about the manner in which their interests will be prejudiced if the Court rejects their arguments and proceeds to address the issues during one trial").

  Even if Hames could assert a plausible argument of unfair prejudice – which he has not done here – bifurcation is not the appropriate fix. Rather, any such concerns are effectively addressed with a limiting instruction from the Court,

6

which, notably, Defendant did not propose in his jury instructions. *See, e.g.*, *Snyder v. Bank of America, N.A.*, No. 15-cv-04228-KAW, 2020 WL 6462400, at *12 (N.D. Cal. Nov. 3, 2020); *Valdes*, 2015 WL 7253045, at *13; *Estate of Thompson*, 933 F. Supp. 2d at 1138 ("Such a limiting instruction on the proper uses of certain evidence will mitigate the potential prejudice, if there is any, from such evidence."). There is a presumption that the jury will be able to follow a limiting instruction, and Hames has not provided any argument or evidence to rebut that presumption. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (recognizing the "almost invariable assumption of the law that jurors follow their instructions"); *United States v. Walser*, 3 F.3d 380, 387 (11th Cir. 1993) ("Absent evidence to the contrary, we presume that the jury was able to follow the court's instructions") (citation omitted). Therefore, there is no justification to further complicate – and further delay – trial of this case with two phases of evidence presentation and deliberation.

Finally, any request to create a special verdict form, which Hames suggests would be necessary for bifurcation, *see* Doc. No. 213, at 2-3 n.1, is untimely. The deadline for Hames to submit a proposed verdict form – over six months ago – has long since passed. Doc. No. 196. Moreover, after the United States submitted its proposed verdict form on June 6, 2023, Doc. No. 199, Hames's response did not

which, notably, Defendant did not propose in his jury instructions. *See, e.g.*, *Snyder v. Bank of America, N.A.*, No. 15-cv-04228-KAW, 2020 WL 6462400, at *12 (N.D. Cal. Nov. 3, 2020); *Valdes*, 2015 WL 7253045, at *13; *Estate of Thompson*, 933 F. Supp. 2d at 1138 ("Such a limiting instruction on the proper uses of certain evidence will mitigate the potential prejudice, if there is any, from such evidence."). There is a presumption that the jury will be able to follow a limiting instruction, and Hames has not provided any argument or evidence to rebut that presumption. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (recognizing the "almost invariable assumption of the law that jurors follow their instructions"); *United States v. Walser*, 3 F.3d 380, 387 (11th Cir. 1993) ("Absent evidence to the contrary, we presume that the jury was able to follow the court's instructions") (citation omitted). Therefore, there is no justification to further complicate – and further delay – trial of this case with two phases of evidence presentation and deliberation.

Finally, any request to create a special verdict form, which Hames suggests would be necessary for bifurcation, *see* Doc. No. 213, at 2-3 n.1, is untimely. The deadline for Hames to submit a proposed verdict form – over six months ago – has long since passed. Doc. No. 196. Moreover, after the United States submitted its proposed verdict form on June 6, 2023, Doc. No. 199, Hames's response did not

seek to bifurcate consideration of punitive damages through the verdict form or include a special verdict form, Doc. No. 201.

### B. The Court Should Permit Testimony of Hames's Past Relationships Where Relevant to Aggrieved Persons' Experiences

The Court should deny Hames's attempt to exclude *in limine* all evidence of Hames's past romantic relationships with clients and tenants. This evidence may be relevant in the context in which it is offered.

Hames names two specific individuals and asserts that because they did not allege inappropriate conduct, testimony about them is not relevant. Doc. No. 213, at 4. The United States does not intend to introduce evidence that Hames generally dated clients and tenants. However, at least one aggrieved person for whom the United States seeks relief learned about Hames Marina as a result of her relationship to a former girlfriend of Hames. That aggrieved person's introduction to, perception of, and knowledge of Hames and Hames Marina is relevant to describe her interactions with Hames. To the extent other witnesses similarly interacted with Hames's romantic partners, those interactions may be relevant to their experience with him, too.[4]

---

[4] As another example (though not involving either of the two women described in that section of Hames's brief, Doc. No. 213, at 4), a different tenant experienced threats of adverse housing action after she told Hames's then-girlfriend about his sexual advances. That conversation, and the fact that it involved Hames's girlfriend, are relevant to the United States' claims. This evidence also could be relevant for impeachment purposes.

8

### C.     The Court Should Not Exclude the Police Reports *In Limine*

The Court should deny Hames's attempt to exclude police reports *in limine*. Rather, the Court will be better positioned to rule on the reports' admissibility based on the particular circumstances of their introduction during trial.

Police reports may be admissible at trial under a host of circumstances, notwithstanding the potential hearsay issues that arise when considering their introduction. For example, and as Hames acknowledges, Doc. No. 213, at 6-7, police reports may be admissible as public records. FED. R. EVID. 803(8).[5] Witness statements in police reports may be admissible *non*-hearsay if not offered for their truth (such as to show that a complaint was made), *see* FED. R. EVID. 801(c)(2), or as a consistent prior statement about events that occurred, FED. R. EVID. 801(d)(1)(B).

Statements within police reports may likewise fall within one of the established exceptions to hearsay. *See* FED. R. EVID. 803; *see also* FED. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). Thus, statements in police reports may be introduced if they are not inadmissible hearsay.

---

[5] It is unclear whether Hames is seeking to exclude the police reports in their entirety, despite his acknowledgment of this hearsay exception. To the extent he is, his motion should fail. *See Martinez v. Espey*, No. 2:14-cv-02318-MHH, 2019 WL 4409428, at *7-8 (N.D. Ala. Apr. 12, 2019) (allowing admission of police report for the purpose of showing objective data within the report).

9

*See, e.g., Goodman v. Kimbrough*, 718 F.3d 1325, 1333 n.2 (11th Cir. 2013) (evaluating whether statements contained in a sheriff's report fit into a hearsay exception); *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (evaluating whether statements contained in a government report were non-hearsay or fit into a hearsay exception); *Llano v. Miami-Dade Cnty.*, No. 15-24265-Civ-Torres, 2017 WL 5160164, at *9 (S.D. Fla. Feb. 12, 2017) (admitting police report contents because statements in them fit within hearsay exception for admissions of party opponent).

For these reasons, the Court should deny Hames's request to exclude the police reports *in limine*, without prejudice to the parties raising specific objections during trial.

### D. The Court Should Not Preclude the United States from Seeking Admission of the Police Report that References Hames's Refusal to Take a Polygraph

The United States does not generally seek to introduce evidence that Hames refused to take a polygraph test. As Hames acknowledges, however, a police report involving allegations by one of the aggrieved persons in the case references that Hames "seemed apprehensive" about taking a polygraph exam. Doc. No. 213, at 3. That report, however, contains other information that is indisputably relevant to this case. Therefore, the Court should not preclude the United States from seeking admission of those other parts of the police report.

It is also possible that Hames may seek to introduce other parts of the police report, and the United States reserves the right to seek inclusion of the reference to the polygraph test refusal under the rule of completeness. *See* FED. R. EVID. 106.

## III.   CONCLUSION

The United States respectfully requests that the Court deny Hames's motion *in limine* as to admission of evidence related to wealth (including bifurcation of trial), Hames's past relationships, police reports, and Hames's guilty plea.

Dated: January 16, 2024

Respectfully submitted,

| | |
|---|---|
| PRIM F. ESCALONA<br>United States Attorney<br>Northern District of Alabama | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| JASON R. CHEEK<br>Chief | CARRIE PAGNUCCO<br>Chief |
| | MICHAEL S. MAURER<br>Deputy Chief |
| *s/ Carla C. Ward*<br>CARLA C. WARD<br>Deputy Chief<br>United States Attorney's Office for<br>the Northern District of Alabama<br>1801 4th Avenue North<br>Birmingham, AL 35203<br>Phone: (205) 244-2185<br>Fax: (205) 244-2181<br>Email: Carla.Ward@usdoj.gov | *s/ Elise Sandra Shore*<br>ELISE SANDRA SHORE<br>ALAN A. MARTINSON<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 598-9264<br>Email: Elise.Shore@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2024, I electronically filed the foregoing with the Clerk of the CM/ECF system, which will send notification of such filing to all counsel of record.

                                    Respectfully submitted,

                                    */s/ Alan A. Martinson*
                                    ALAN A. MARTINSON
                                    Attorney for the United States