IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RANDY HAMES and HAMES MARINA, d/b/a HAMES MARINA AND MOBILE HOME PARK,**<br><br>**Defendants.** | **CASE NO.:  5:18-cv-01055-CLS**<br><br>**PLAINTIFF UNITED STATES' REPLY RE: MOTIONS *IN LIMINE* & CRIMINAL PLEA BRIEF** |

The United States respectfully submits this reply brief in support of its motions *in limine* (Doc. Nos. 209, 210, 212 & 214) and Brief on the Introduction of Randy Hames's Criminal Proceedings During Trial (Doc. No. 206).

## I.   Motions *in Limine* re: Fraudulent Transfers & Summary Charts (Doc. Nos. 209 & 214)

These motions seek rulings that certain documents relevant to punitive damages are admissible. In his opposition brief, Hames argues that these documents are not relevant and that the case should be bifurcated because of prejudice. Doc. No. 221. The Court should grant the motions over those objections.

First, although Hames generally states that evidence of wealth is not relevant, none of the cases he cites stand for the proposition that net worth is not

relevant to punitive damages. There can be little dispute that it is, as the Court has already held in this case. *See* Doc. No. 209, at 7-8 (quoting Doc. No. 45, at 3).

Second, Hames's request for bifurcation should be rejected for the reasons stated in Plaintiff United States' Response to Defendant's Motion *in Limine*. Doc. No. 219, at 4-8. As explained therein, any prejudice should be addressed through a jury instruction, not bifurcation. *Id.* at 6-7. In short, Hames's request to bifurcate the trial at this late date is procedurally improper and untimely; it would impose an unnecessary burden and inconvenience on the Court and the jury; and it would further complicate the presentation of evidence, thereby prejudicing the United States.

Third, Hames altogether fails to address any of the United States' other arguments related to admissibility – including summary charts prepared by the United States' expert – and the Court should grant the United States' motions for the reasons stated in those motions.

## II. Motion *in Limine* re: Hames's Character, Age & Health (Doc. No. 210)

This motion seeks exclusion of character evidence related to other tenants' experiences with Hames as a landlord, as well as testimony related to Hames's age and health. Hames responds by arguing that each of these items should be admitted. Doc. No. 225. The United States agrees that Hames's age may be relevant in some respects (though not in others), but his other arguments should be

rejected, such that the character evidence and testimony about medical conditions should be excluded.

First, testimony of others that relates to their own experiences as tenants – as opposed to their knowledge of the facts at issue in the case – should not be admitted. While character evidence is allowed if a defendant's credibility and reputation are attacked, allegations of sexual harassment are not attacks on credibility and reputation; they are assertions of actionable misconduct, which are relevant to the United States' pattern or practice and group of persons claims. *See* FED. R. EVID. 405(b) (allowing character evidence by "specific instances" of conduct only "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense"); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (rejecting defendant's argument that he should have been permitted to introduce evidence of good acts to rebut one of the elements of the offense he was charged with).

Moreover, Hames's bald assertion that "the testimony is relevant to the issues raised in the complaint, including allegations of a pattern or practice of sexual harassment," Doc. No. 225, at 4, does not make it so. As explained in the United States' motion, such testimony would be impermissible character evidence, is not relevant, and is unfairly prejudicial to the United States. Doc. No. 210, at 4-11. As previously discussed, to prove its claims, the United States need not show

3

that Hames harassed *every* female tenant or prospective tenant; testimony from individuals who may not have been harassed by Hames does not bear on whether the aggrieved persons were harassed by him.

Second, Hames makes no argument as to how testimony about Hames's health, such as the example of his use of a cane to walk because of knee surgeries, could be relevant. Nor can the record support such a claim.

### III. Motion *in Limine* re: Improper Character Evidence (Doc. No. 212)

This motion seeks exclusion of character evidence related to arrests, convictions, drug use, and sexual histories of the aggrieved persons and the private plaintiffs. Hames agrees that this evidence should generally be excluded, but nonetheless argues against exclusion of some items *in limine*. Doc. No. 224. His arguments, however, are unpersuasive.

First, Hames agrees that arrests and convictions are generally excluded, but argues that he cannot respond as to felony convictions because the United States has not stated which convictions it seeks to exclude. But the United States has, consistent with Rule 609, requested exclusion of felony convictions that are more than ten years old. The burden is on the *proponent* of such evidence to provide "reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." FED. R. EVID. 609(b)(2). No such notice has been provided.

Second, the Court should reject Hames's arguments as to witnesses' past drug use. Hames agrees that past drug use is generally not admissible, and he admits that he does not know about any past drug use that would be admissible. Thus, any questioning about a witness's past drug use would serve little purpose other than to create the prejudicial impression that Hames's counsel had reason to believe that the witness was a drug user. Further, Hames's bald assertion that drug use "may become relevant and material on the issue of damages," Doc. No. 224, at 4, is hard to understand and should be rejected in the absence of any explanation of how it could become relevant and material.

Third, Hames is incorrect that inquiry about witnesses' number of sexual partners or sexual history may be relevant.[1] None of the examples Hames supplies provides a persuasive basis for his counsel to ask about witnesses' sexual history.[2] Any inquiry into sexual histories is irrelevant, unfairly prejudicial, and specifically proscribed by the Federal Rules of Evidence. Doc. No. 212, at 14-18.

Fourth, Hames misunderstands the United States' motion when he objects to precluding evidence of "parentage." The United States is asking the Court to preclude evidence of the "birth of children by multiple partners." Doc. No. 212, at

---

[1] Hames represents that he does not intend to inquire into such items, so it is unclear why he is arguing their relevance.

[2] Indeed, Hames's mischaracterization of the facts involving Ms. Carreker and Ms. Bartlett, *see* Doc. No. 224, at 4-5, show why it is critical that the Court preclude Hames from inquiring into sexual histories. Each example he uses is a strained, veiled attempt to bring in prejudicial evidence of sexual history however he can.

17. This is unrelated to the type of evidence Hames cites that relates to how a parent feels about the quality of her parenting.[3]

### IV.     Brief re: Admission of Criminal Pleas (Doc. No. 206)

The United States argues that Hames's guilty plea to misdemeanor harassment is relevant to the allegations in the case and is admissible non-hearsay as a party admission. Hames fails to address these arguments, instead arguing that the evidence is inadmissible, prejudicial character evidence. Hames has missed the point.

First, the rules for the admission of character evidence are inapplicable here, where the United States seeks to introduce the guilty pleas not to impeach Hames's character, but rather as an admission of conduct that forms the basis of the United States's claims. Doc. No. 206, at 3-5.[4] Therefore, this evidence is directly relevant to – and exceptionally probative of – Hames's liability for a pattern or practice of discrimination or denial of rights to a group of persons in violation of the Fair Housing Act.

---

[3] Moreover, a witness's testimony about her own parenting would not appear to be relevant either. The example Hames provides, Doc. No. 224, at 5-6, relating to the impact of Hames's sexual harassment of the witness in front of her child, hardly puts the witness's parenting at issue.

[4] Hames's protestation as to the relevance Hames pleading guilty as to misdemeanor harassment of Alisha Cobb, Doc. No. 226, at 6 n.1, who the United States has not listed as an aggrieved person, fails to recognize that the United States did not attach her case documents to its brief (unlike the other three women) or list her documents on its exhibit list. The United States agrees that testimony and evidence related to Alisha Cobb is irrelevant to this case.

Second, the details, facts, and circumstances of Hames's guilty plea should not be excluded, despite Hames's attempt to create a false parallel to the United States's motion *in limine* as to witness criminal history under Rule 609. Inquiry is limited to the nature and date of a non-defendant conviction in the context of Rule 609, *United States v. Burston*, 159 F.3d 1328, 1335-36 (11th Cir. 1998), but that says nothing about a defendant's conviction on (or admission of guilt for) facts that also support the civil claims at bar. Indeed, the details of a defendant's conviction are not just relevant to civil claims involving the same facts, but they can also form the basis for applying collateral estoppel in the civil case. *See Sec. & Exch. Comm'n v. Rand*, 805 F. App'x 871, 876-77 (11th Cir. 2020).[5]

## V.  Conclusion

For the reasons stated in the United States' opening briefs and as stated above, the Court should grant the United States' motions *in limine* and also permit introduction of Hames's criminal harassment guilty plea.

Dated: January 22, 2024

Respectfully submitted,

| | |
|---|---|
| PRIM F. ESCALONA<br>United States Attorney<br>Northern District of Alabama | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| JASON R. CHEEK | CARRIE PAGNUCCO |

---

[5] For these reasons, the Court should admit Exhibits 62-64 on the United States' Corrected Exhibit List, Doc. No. 218, over Hames's objections.

| | |
|---|---|
| Civil Chief | Chief |
| | MICHAEL S. MAURER<br>Deputy Chief |
| *s/ Carla C. Ward*<br>CARLA C. WARD<br>Deputy Chief<br>United States Attorney's Office for<br>the Northern District of Alabama<br>1801 4th Avenue North<br>Birmingham, AL 35203<br>Phone: (205) 244-2185<br>Fax: (205) 244-2181<br>Email: Carla.Ward@usdoj.gov | *s/ Elise Sandra Shore*<br>ELISE SANDRA SHORE<br>ALAN A. MARTINSON<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 598-9264<br>Email: Elise.Shore@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the CM/ECF system, which will send notification of such filing to all counsel of record.

      Respectfully submitted,

      */s/ Alan A. Martinson*
      ALAN A. MARTINSON
      Attorney for the United States