# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:18-cv-1055-CLS |
| ) | |
| RANDY HAMES and HAMES ) | |
| MARINA d/b/a HAMES MARINA ) | |
| AND MOBILE HOME PARK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the court on defendants' objections to the government's witness and exhibit lists,[1] and the government's objections to defendants' witness and exhibit list.[2]

## DEFENDANTS' OBJECTIONS

**A.  Defendants' Objections to the Government's Witness List**

1. Sandra Bomberry (mother of aggrieved persons Tammy Wright and Vicky Wright) and Adrienne Coleman (grandmother of aggrieved persons Karanda Gann and Shaela Gann)

---

[1] Doc. nos. 222 and 228 (Defendants' Objections to the Government's Witnesses) and 223 (Defendants' Objections to the Government's Exhibits). The government's witness list is doc. no. 208, and its corrected exhibit list is doc. no. 218. The government's consolidated reply to the objections is doc. no. 233.

[2] Doc. no. 227. Defendants' Witness and Exhibit List is doc. no. 211. Defendants' reply to the government's objections is doc. no. 234.

Defendants argue that these witnesses should be excluded because they are not aggrieved persons, and because the government did not produce any documents that mentioned them. Those arguments are without merit. The government represents that the witnesses have knowledge about their relatives' experiences with Hames. The government submitted copies of its disclosures to defendants during discovery, in which each of the witnesses was identified, and, the subject of their information was described. Accordingly, defendants' objections are OVERRULED.

2. Tomeka Bartlett and Kayla Carreker (and the exhibit that is the audio recording made by Carreker (Government exhibit 21)).

Defendants' argue that the government is impermissibly presenting these witnesses to show *subsequent* violations of the Fair Housing Act, and their testimony will confuse the jury because they are plaintiffs in a separate lawsuit. Those arguments are without merit. Bartlett and Carreker are relevant witnesses to the government's claims. The court will instruct the jury that the government does not seek damages on their behalf. Defendants' objection is OVERRULED.

Defendants also argue that an audio recording made by Kayla Carreker during an interaction with Hames should be excluded, because there is no reference to forgiving rent. Carreker testified in deposition that, during the recorded encounter, Hames whispered in her ear that he would forgive her rent for sex; however, the

2

statement is not contained in the recording. They also argue that the recording should be excluded because Carreker did not tell anyone about the whispered statement until her deposition. Defendants' arguments affect the credibility of the witness and the weight the jury may choose to give the evidence, if any, but not its admissibility. The objection is OVERRULED.

**B.     Defendants' Objections to the Government's Exhibit List**

Defendants' objections are addressed as numbered in the document filed with the court.

1.  *Government exhibit 2 (Randy Hames's Request for Admissions Responses)*

The government did not address this objection in its reply. Accordingly, the objection is SUSTAINED.

2, 4, 5.  *Government exhibits 4, 27, and 30 (Police reports relating to Karanda Gann, Brittaney Lands, and Marie Watson)*

This issue was addressed in the court's memorandum opinion and orders on the motions *in limine* entered on January 25, 2024.[3] The request to exclude the reports in their entirety was denied, with the proviso that specific objections to the police reports will be addressed in the context in which they arise during trial; but the reference to Hames's refusal to submit to a polygraph examination contained in the

---

[3] Doc. no. 237, at 24-25.

police report relating to the complaint lodged by Brittaney Lands will be excluded.

 3. *Government exhibit 25* (*Randy Hames's Response to Private Plaintiffs' Interrogatories*)

The government did not address this objection in its reply. Accordingly, the objection is SUSTAINED.

 6, 7. *Government exhibits 31 and 32 (Handwritten answers of Tomeka Bartlett and Kayla Carreker)*

Defendants argue that these exhibits contain inadmissible hearsay. The government responds that they are non-hearsay as prior consistent statements under Federal Rule of Evidence 801(d)(1)(B), and/or they are offered for the fact that they were made, and not for the truth of the matter asserted. The court reserves ruling on these objections and will consider them, in context, during the trial.

 8. *Government exhibits 35-38* (*Hames's deposition transcripts*)

The government states that these transcripts will be offered only if Hames does not testify. Accordingly, the court will rule on defendants' objections, if necessary, during trial.

 9. *Government exhibit 40* (*Hames's petition for bar suspension*)

The government did not address this objection in its reply. Accordingly, the objection is SUSTAINED.

 10. *Government exhibits 41-56* (*Financial documents prepared by expert*

4

*Richard Riley*)

This issue was addressed in the court's memorandum opinion and orders on the motions *in limine*.[4] The government represents that these exhibits are summaries of financial records that it will seek to introduce through their expert witness, Richard Riley, under Federal Rule of Evidence 1006. The motion to admit the summaries was granted, provided a proper foundation is laid. The government states that it will use, at most, ten of these documents.[5] Defendants' objections to exhibits 41-56 are OVERRULED.

    11.    *Government exhibits 60 and 61* (*Lis Pendens filed by Cullman County District Attorney*).

Defendants argue that these exhibits "pertain to transfers made and challenged in a separate case brought by Kayla Carreker and Tomeka Bartlett," and that the District Attorney "has no legal standing to file a lis pendens."[6] Leaving those arguments aside, the exhibits refer to state law charges against Hames that ultimately were amended. Defendants' objections are SUSTAINED, and these documents will be excluded.

    12, 13, 14.    *Government exhibits 62-64* (*Guilty Pleas relating to complaints made by Tomeka Bartlett, Kayla Carreker, and Marie Watson*).

---

[4] Doc. no. 237, at 19-22.

[5] *See* doc. no. 233, at 4.

[6] Doc. no. 223, at 5.

The admissibility of these exhibits was addressed in the court's memorandum opinion and orders on the parties' motions *in limine*.[7] Accordingly, defendants' objection is OVERRULED.

15. *Government exhibit 65* (*Text messages between Mary Hames and Randy Hames relating to Hames's transfer of property to daughters*)

Defendants argue that this exhibit contains inadmissible hearsay. The government contends that the messages are relevant to the court's decision in the private plaintiffs' case that Hames's property was fraudulently transferred to his daughters, but does not argue that the messages are not hearsay, or that an exception applies. The court ruled in the memorandum opinion and orders on the parties' motions *in limine* that the subject of Hames's fraudulent transfer of property is a permissible area of inquiry.[8] Even so, the court will reserve ruling on the admissibility of this particular exhibit as it arises, in the context of trial.

## II. THE GOVERNMENT'S OBJECTIONS

### A. Objections to Witnesses

1. Lisa McSwain, Cullman County Circuit Clerk

The government objects to this witness, to the extent that defendants intend to present her testimony for any purpose other than to authenticate documents as a

---

[7] Doc. no. 237, at 1-10.
[8] *Id.* at 22.

custodian of records for the Cullman County, Alabama, Circuit Court. The government notes that defendants did not disclose Ms. McSwain during discovery, and argues under Federal Rule of Civil Procedure 37(c)(1), that she should not be permitted to testify at trial for that reason. Defendants do not intend to present Ms. McSwain as a custodian of records; instead, they say she was present when Bartlett and Carreker filed petitions for protection from abuse (exhibits to which the government also has objected). Defendants also contend that they complied with the court's pretrial order, which states: "To the extent the parties have not previously complied with Fed. R. Civ. P. 26(a)(3), the parties shall, at least 21 days prior to trial, serve and file a list stating the names and addresses of all witnesses (other than expert witnesses) whose testimony they may offer at trial." As discussed below, the court reserves ruling on the government's objections to the petitions for protection from abuse filed by Tomeka Bartlett and Kayla Carreker; and, in accordance with that ruling, will reserve ruling on this objection as well.

2. Autumn Hansen

The government seeks to limit the scope of Ms. Hansen's testimony. The court already has ruled in the memorandum opinion and orders on the motions *in limine* that she may testify about her experiences as Hames's tenant.[9] The government asks

---

[9] *Id*. at 10-13.

the court to preclude her from testifying about other events that do not relate to her experiences as Hames's tenant. The defendants state that Ms. Hansen has personal knowledge about "some" of the aggrieved persons, and that she is familiar with the conditions of the mobile homes. The government failed to state its objections with sufficient specificity for this court to comprehend where the "rub" lies, or the basis for it. Accordingly, the court will defer ruling until such time, if any, as the witness is called to the stand.

    3.    Alisha Coates/Cobb

The government seeks to exclude Ms. Coates/Cobb's testimony as not relevant, and because its probative value is outweighed by the risk of jury confusion and prejudice. The government cites defendants' motion for partial summary judgment as support for this contention.[10] In that motion, defendants detail Ms. Coates/Cobb's past interaction with Hames when he served as a guardian *ad litem* for her children in a termination of parental rights proceeding, which resulted in her loss of custody. Defendants contend that her testimony is relevant because of her involvement in the initiation of the government's action against Hames, and because she accompanied Bartlett and Carreker when they filed petitions for protection from abuse against Hames. Bartlett and Carreker testified in deposition that those petitions for protection

---

[10] *See* doc. no. 129.

from abuse contained false information, and that they did not complete the forms. (Hames suggests that Coates/Cobb completed the forms for them, though she denied doing so in her deposition.) The court reserves ruling upon this objection until such time as Ms. Coates/Cobb is called to the stand.

B.    **Government's Objections to Defendants' Exhibit List**

Initially, the government argues that defendants did not sufficiently identify certain exhibits, as required by Federal Rule of Civil Procedure 26(a)(3)(A)(iii). Defendants did not respond to the objections related to Exhibits 7 and 8 (records of the shelters where Bartlett and Carreker stayed), but provided a list of specific Bates numbers for exhibits 41-53 (ledger entries relating to aggrieved persons' tenancies). They also responded separately to the objection to exhibit 6 (bodycam footage of Alisha Coates/Cobb making a complaint about Randy Hames to the Cullman County Sheriff's Office).

1.    Protection from abuse petitions filed by Tomeka Bartlett and Kayla Carreker (Defendants' exhibits 1 and 2)

The government objects based upon Rules 401 and 403. The government also objects on the ground that defendants should not be permitted to offer certain post-tenancy evidence.[11] Defendants state they will only use the petitions for impeachment purposes. Accordingly, the court reserves ruling on this objection until trial.

---

[11] *See* doc. no. 219 (United States's Response to Defendant's Motion *in Limine*), at 2 n.1.

2. Facebook messages between Marie Watson and Hames (Defendants' Exhibit 3)

The government objects based on hearsay and authenticity. Defendants argue that these are statements by a party-opponent, admissible under Rule 801(d)(2). The court will reserve ruling on this objection, as it arises, in the context of the trial.

3. Letter sent by the Department of Justice (Defendants' Exhibit 4)

The government objects based upon relevance and Rule 403. The letter has not been provided to the court. Accordingly, the court will defer ruling on this objection.

4. Letter sent by Hames to DHR on behalf of Kayla Carreker (Defendants' Exhibit 5)

The government objects based upon relevance and Rule 403, and because it relates to post-tenancy conduct. Defendants represent that Hames began eviction proceedings before he wrote the letter, but that Carreker did not vacate Hames Marina until after January 24, 2018. The letter was sent on December 11, 2017, however, prior to the date on which Carreker vacated Hames Marina. Even so, the parties have not provided a copy of the letter to the court. Accordingly, the court reserves ruling on this objection.

5. Bodycam footage of Alisha Coates/Cobb making a report to the Cullman County Sheriff's Office on behalf of female tenants at Hames Marina (Defendants' Exhibit 6)

The government objects based upon relevance and Rule 403. Defendants

contend that the bodycam footage shows Cobb's bias and would be used for impeachment purposes. The court reserves ruling on this objection.

6. Daystar and Harbor Haus shelter records (Defendants' Exhibits 7 & 8)

Defendants did not reply to these objections. Accordingly, the objections are SUSTAINED.

7. Alisha Cobb Affidavit to Alabama Bar Association (Defendants' Exhibit 14)

This exhibit has not been provided to the court for review. Accordingly, even though the court cannot imagine the circumstances that would make it admissible, the court reserves ruling on the objection until trial.

8. Various text and Facebook messages (Defendants' Exhibits 18-21)

Defendants did not respond to the government's objections. Accordingly, the objections are SUSTAINED.

9. Documents related to Randy Hames's travel on December 22, 2017 (Defendants' Exhibit 26)

The government objects on the basis of hearsay and authenticity. Defendants represent that this exhibit is a photograph of Hames on vacation in another state on the date that Bartlett alleges that he sexually harassed her. Hearsay is defined in the Federal Rules of Evidence as an out-of-court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "'Statement' means a

person's oral assertion, written assertion, or non-verbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). The photograph, as described, is not hearsay, and the objection is OVERRULED.

10. Facebook messages between Tomeka Bartlett/Kayla Carreker and Jessica Penner's fake Facebook page (Defendants' Exhibit 29)

The government objects to this exhibit on the grounds that it concerns post-tenancy conduct, and on the grounds of hearsay and authenticity. Defendants contend that it is relevant to the "motive against Randy Hames to try to gather as many women as possible to make claims." The court will reserve ruling on this objection as it arises, in the context of the trial.

11. Protection from Abuse petition against Alisha Coates/Cobb (Defendants' Exhibit 30)

This exhibit, as described, is not relevant to the government's claims. Accordingly, the objection is SUSTAINED.

**DONE** and **ORDERED** this 26th day of January, 2024.

_____
Senior United States District Judge